James Madison MORSE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17125.

United States Court of Appeals
Fifth Circuit.

June 10, 1958.

James Madison Morse, in pro. per.
E. Coleman Madsen, Asst. U. S. Atty.,

Jacksonville, Fla., James L. Guilmartin, U. S. Atty., Edith House, Asst. U. S. Atty., Southern District of Florida, Jacksonville, Fla., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

The appellant brought a proceeding under 28 U.S.C.A. § 2255 to have set aside his conviction and sentence for a violation of the Dyer Act, 18 U.S.C.A. § 2311 et seq. The appellant asserts that forty-six hours elapsed between the time of his arrest and the time when he was brought before a Commissioner for arraignment. He states that the delay was unnecessary, that during the delay efforts were made, without success, to procure a confession from him, and that he told the officers about a man known as Sparky for whom appellant had worked. He believed Sparky would testify for him. Sparky, however, testified against him and appellant expresses the belief that Sparky's testimony adverse to him was procured by coercion. But for Sparky's testimony, he claims, he would not have been convicted, and but for his unlawful detention he would not have mentioned Sparky. The doctrine of McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479, does not help the appellant. Delay in taking an accused before a commissioner, though illegal, does not invalidate a conviction in the absence of prejudice resulting from the detention. United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140; United States v. Leviton, 2d Cir., 1951, 193 F.2d 848. No such prejudice is here shown. The judgment of the district court is

Affirmed.