THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HERBERT WILSON, Alias KING SOLOMON JOHNSON, Appellant.

Second Department, April 18, 1960.

*Nancy Carley* for appellant.

*Frank D. O'Connor, District Attorney* (*Benjamin J. Jacobson* and *Howard D. Stave* of counsel), for respondent.

NOLAN, P. J. On December 16, 1957 this court (1) reversed a judgment rendered by the County Court, Queens County, which convicted appellant, upon his plea of guilty, of attempted robbery in the third degree, and (2) dismissed the indictment which had resulted in that judgment, because appellant had been denied his right to a speedy trial (Code Crim. Pro., § 8); " without prejudice to the right of the respondent [The People of the State of New York] to proceed as permitted in section 673 of the code, if so advised " (*People* v. *Wilson,* 5 A D. 2d 690).

Section 673 of the Code of Criminal Procedure, as twice amended in 1957, provides:

" An order for the dismissal of the action, as provided in this chapter, is a bar to another prosecution for the same offense, if it be a misdemeanor; but, except as provided in section six hundred sixty-nine-a hereof, it is not a bar, if the offense charged be a felony." (As amd. by L. 1957, ch. 440, § 2, eff. Sept. 1, 1957.)

" An order for the dismissal of the action, as provided in this chapter, is a bar to another prosecution for the same offense, if it be a misdemeanor; but, except as provided in section six hundred sixty-nine-b hereof, it is not a bar, if the offense charged be a felony." (As amd. by L. 1957, ch. 524, § 2, eff. Sept. 1, 1957.)

Sections 669-a and 669-b have no application to the instant case.

The respondent did proceed as permitted by section 673, and appellant was again indicted for the same crimes of which he had been accused by the original indictment. By notice dated December 29, 1958 appellant moved to dismiss the indictment on the ground that he had been denied his " constitutional right to a speedy trial ". That motion was denied, and appellant was again convicted, upon his plea of guilty, of attempted robbery in the third degree. On this appeal from the judgment

of conviction, the only questions presented arise out of the denial of appellant's motion to dismiss the indictment. It is his contention that section 673 of the Code of Criminal Procedure insofar as it " allows a prosecutor to delay the prosecution of any felony case at least five years without good cause " is unconstitutional, that it nullifies his right to a speedy trial, and that the error of the respondent in delaying his prosecution under the first indictment has not been corrected by his reindictment for the same crimes, nor has the already established prejudicial delay, which this court found existed in dismissing the first indictment, been eradicated by the subsequent proceedings. The delay of which appellant complains all preceded the dismissal of the original indictment. It is not claimed that there was any delay in prosecution under the second indictment.

We agree that unreasonable delay in criminal prosecutions should not be tolerated and that a defendant in a criminal action should not be exposed by reason of such delay " to the hazard of a trial, after so great a lapse of time as to justify the belief, that however innocent, the means of proving his innocence may not be within his reach " (see Report of Commissioners on Practice and Pleadings [1849], pp. 341–342; *People* v. *Prosser*, 309 N. Y. 353). The Legislature has decided, however, what constitutes unreasonable delay in commencing criminal prosecutions by fixing the time within which they may be commenced (Code Crim. Pro., §§ 141–144-a; see Report of Commissioners on Practice and Pleadings [1849], *supra*) and has clearly provided that within such limitations an accused may be prosecuted for a felony even though an indictment therefor may have been dismissed for want of, or delay in, prosecution (Code Crim. Pro., §§ 144-a, 673). The right to a dismissal of the prosecution of a person held to answer, if an indictment is not promptly found, and the right to a speedy trial after indictment, are also provided by statute (Code Crim. Pro., §§ 8, 667–673; Civil Rights Law, § 12). Such rights are guaranteed, however, only to defendants against whom criminal prosecutions are pending and are not intended to, nor do they, restrict the right of the State to commence criminal prosecutions within the time limited by law. The point of beginning of the time for bringing an accused to trial is the commencement of the prosecution against him, and, according to our statutory scheme, except as provided in sections 669-a and 669-b of the Code of Criminal Procedure, the filing of a new indictment, after the dismissal of a previous indictment for the same offense because of delay in bringing the accused to trial, commences a new period of time during which the prosecution may be continued. Concededly, appel-

lant's reindictment and subsequent prosecution were expressly authorized by law, and we are unable to perceive anything unconstitutional in the statutes which authorized them.

There is no express provision of our State Constitution which sustains appellant's contention. The right to a speedy trial, which is embodied in the Constitution of the United States and the Constitutions of many of our States, is provided in this State by statute only. Neither is appellant aided by the Sixth Amendment to the United States Constitution, which provides that an accused shall have the right to a speedy and public trial. That amendment applies to the United States courts alone, and does not restrict the powers of the State governments (*People* v. *Hall,* 51 App. Div. 57, 60; *People* v. *Jelke,* 284 App. Div. 211, 225, affd. 308 N. Y. 56). Appellant does not argue to the contrary but urges that deprivation of a speedy trial by permitting, during the time limited by statute, the continuation of prosecution under the circumstances here involved, violates the due process clauses of the New York State Constitution (art. I, § 6) and the Fourteenth Amendment to the Constitution of the United States. No authority has been cited which supports that argument. Indeed, in the only criminal case cited by appellant (*Wolf* v. *Colorado,* 338 U. S. 25), it was held that in a prosecution in a State court for a State crime, the Fourteenth Amendment did not forbid the admission of relevant evidence even though it had been obtained by unreasonable search and seizure. With respect to the question here presented, the court said (p. 26): "Unlike the specific requirements and restrictions placed by the Bill of Rights (Amendments I to VIII) upon the administration of criminal justice by federal authority, the Fourteenth Amendment did not subject criminal justice in the States to specific limitations. The notion that the 'due process of law' guaranteed by the Fourteenth Amendment is shorthand for the first eight amendments of the Constitution and thereby incorporates them has been rejected by this Court again and again, after impressive consideration. * * * The issue is closed."

In *Snyder* v. *Massachusetts* (291 U. S. 97) the question was whether, in a prosecution by a State for murder, a view of the scene of the crime by the court, jury and counsel, in the absence of a defendant who made demand that he be present, was a denial of due process under the Fourteenth Amendment. In holding that it was not, CARDOZO, J., writing for the majority, said (p. 105): "The Commonwealth of Massachusetts is free to regulate the procedure of its courts in accordance with its own conception of policy and fairness unless in so doing it

offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Twining* v. *New Jersey,* 211 U. S. 78, 106, 111, 112; *Rogers* v. *Peck,* 199 U. S. 425, 434; *Maxwell* v. *Dow,* 176 U. S. 581, 604; *Hurtado* v. *California,* 110 U. S. 516; *Frank* v. *Mangum,* 237 U. S. 309, 326; *Powell* v. *Alabama,* 287 U. S. 45, 67. Its procedure does not run foul of the Fourteenth Amendment because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at the bar. Consistently with that amendment, trial by jury may be abolished. *Walker* v. *Sauvinet,* 92 U. S. 90; *Maxwell* v. *Dow, supra; N. Y. Central R. Co.* v. *White,* 243 U. S. 188, 208; *Wagner Electric Co.* v. *Lyndon,* 262 U. S. 226, 232. Indictments by a grand jury may give way to informations by a public officer. *Hurtado* v. *California, supra; Gaines* v. *Washington,* 277 U. S. 81, 86. The privilege against self-incrimination may be withdrawn and the accused put upon the stand as a witness for the state. *Twining* v. *New Jersey, supra.* What may not be taken away is notice of the charge and an adequate opportunity to be heard in defense of it. *Twining* v. *New Jersey, supra; Powell* v. *Alabama, supra,* pp. 68, 71; *Holmes* v. *Conway,* 241 U. S. 624. Cf. *Blackmer* v. *United States,* 284 U. S. 421, 440.''

There is no general rule that whatever would be a violation of the original Bill of Rights if done by the Federal Government is equally unlawful by force of the Fourteenth Amendment if done by a State (*Palko* v. *Connecticut,* 302 U. S. 319, 323). In *Knapp* v. *Schweitzer* (357 U. S. 371) it was said (p. 378): '' While the adoption of the Fourteenth Amendment in 1868 did not change the distribution of powers between the States and the Federal Government so as to withdraw the basic interests of criminal justice from the exclusive control of the States, it did impose restrictions upon the States in the making and in the enforcement of the criminal laws. It did this insofar as the 'fundamental principles of liberty and justice which lie at the base of all our civil and political institutions,' * * * are implied in the comprehensive concept of due process of law. But this concept does not blur the great division of powers between the Federal Government and the individual States in the enforcement of the criminal law.''

We need not determine, however, whether the right to a speedy trial is such a fundamental principle of liberty and justice as to come within the due process clauses invoked by appellant. Assuming that it is and that there is in this State a constitutional right to a speedy trial, we are of opinion nevertheless that the right is not violated by a new indictment, within

the time limited by law, following the dismissal, because of failure speedily to prosecute, of an earlier indictment for the same offense. The question of the effect of the discharge of an accused because of delay in trial, as a bar to a subsequent prosecution for the same offense is the subject of an exhaustive annotation at pages 943 to 964 of volume 50 of American Law Reports, Second Series. With reference to the question here involved it is said (p. 945): "The law on the point under annotation may be summarized briefly: in the case of an accused who has been discharged, or as to whom criminal proceedings have been dismissed, under a statute providing for such discharge or dismissal where there has been delay beyond a specified limit in returning an indictment against him, or in bringing him to trial, a subsequent prosecution for the same offense is not barred if the statute authorizing discharge or dismissal is accompanied by an express provision to the effect that such discharge or dismissal does not relieve the accused of criminal liability. Statutory schemes of this kind are held not to violate constitutional guaranties of a speedy trial." Apparently there has been no prior determination of the question in this State. It has been determined, however, in other States which have statutes substantially similar to section 673 of our Code of Criminal Procedure, and the courts of those States have consistently held that such statutes were constitutional over the objection that they violated provisions of State Constitutions which guaranteed the right to a speedy trial. (See, *inter alia, Matter of Begerow,* 136 Cal. 293; *People* v. *Godlewski,* 22 Cal. 2d 677; *State ex rel. Repath* v. *Caldwell,* 9 Wash. 336; *State* v. *Deloria,* 129 Wash. 497; *State* v. *McGowan,* 113 Mont. 591; *State ex rel. Keast* v. *Fourth Judicial Dist. Ct.,* 336 P. 2d 699 [Mont.].)

We are in accord with the views expressed in the cited cases.

The judgment should be affirmed. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction.

Present — NOLAN, P. J., BELDOCK, UGHETTA, KLEINFELD and PETTE, JJ.

Judgment unanimously affirmed. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction.