THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT *v.*
ROBERT C. JOHNSTON, DEFENDANT AND APPELLANT.
No. 10335.
Submitted November 8, 1961. Decided January 16, 1962.
As amended January 19 and 25, 1962.
367 P.2d 891.

Richard J. Conklin, argued orally, White Sulphur Springs, for appellant.

John V. Potter, Jr., County Atty., argued orally, White Sulphur Springs, Forrest H. Anderson, Atty. Gen., and Donald Garrity, Asst. Atty. Gen., argued orally, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

The defendant, Robert C. Johnston, was convicted of the crime of uttering and delivering a fictitious check in Meagher County on or about October 9, 1959.

This cause was tried to a jury and on June 27, 1961, the jury returned a verdict of guilty and left the punishment to be fixed by the court. The defendant was thereafter sentenced to five years in the Montana State Prison at Deer Lodge. Defense counsel moved for a new trial which was denied, and on June 30, 1961, judgment was pronounced upon the defendant. From this judgment of conviction the defendant appeals.

From the record in this cause, we adduce that the appellant Johnston and one LeRoy Franklin Wenig on October 9, 1959, were present at the cashing of two checks at the Mint Bar in White Sulphur Springs. The first check was in the sum of $140 drawn on the First National Bank of White Sulphur Springs with the payee as LeRoy Wenig and the maker as one James J. Johnson. The second check was payable to the appellant in the sum of $40, and the maker was Raymond Hannes, and this check was also drawn on the First National Bank and cashed at the Mint Bar in White Sulphur Springs.

On December 15, 1959, LeRoy Franklin Wenig plead guilty to uttering and delivering the fictitious check in the sum of $140 before referred to.

The appellant here, who cashed the $40 check on Friday, October 9, 1959, testified that the nebulous Raymond Hannes had advanced him this $40 for work and labor that he was to perform on Monday, October 12, 1959, and yet we find the appellant arrested in Dillon on Tuesday, October 13, 1959. The records of the First National Bank at White Sulphur Springs fail to disclose that there ever was a Raymond Hannes who was carried as a depositor in that Bank. The sheriff of Meagher County likewise testified that he had never known or heard of any such person as Raymond Hannes. It perhaps is pertinent to observe that the record discloses that the appel-

lant admitted a felony conviction although the prior conviction was not charged in the information in this cause.

The appellant specifies twenty-one separate specifications of error. We will discuss those specifications possessing merit.

██ Appellant's first four specifications of error deal with the elapsed time of twenty-one days between his arrest and arraignment.

It was clearly brought out, without difference of opinion, that counsel for appellant had represented him from the middle of October 1959, when he was arrested together with LeRoy Franklin Wenig and both were charged with the identical crime on the $140 check. LeRoy Franklin Wenig plead guilty in the month of December to uttering and delivering the fictitious $140 check, with intent to defraud the recipient of the check, and the joint information was dismissed as to defendant.

The Honorable F. V. Watts had resigned as district judge of this district and informed both counsel for appellant and respondent that he would not again be in White Sulphur Springs after December 15, 1959. The county attorney could have continued the original information on the $140 check against the appellant herein until the new district judge appeared and then dismissed as against this appellant after filing the information on the $40 check presently before this court.

The Montana statutes provide that a defendant must be taken before a magistrate "without unnecessary delay". R.C.M. 1947, § 94-5912; R.C.M.1947, § 6016. The defendant urges that his detention for a period of twenty-one days without being taken before a magistrate was a violation of the above statutes and hence his conviction should be reversed.

The authorities cited by defendant in support of his argument are distinguishable from the case at bar. All of the cases cited deal with the question of a coerced confession. These cases require a reversal of the conviction because the illegal confession has a bearing on the conviction on the merits of the

charge. In this case there was no confession. Moreover, we find that the detention of defendant did not prejudice him in presenting his defense on the merits at the trial. If the defendant has a remedy at all it must be found in a civil action. See Cline v. Tait, 113 Mont. 475, 129 P.2d 89.

The rule is stated in 15 Am.Jur., Criminal Law, § 317, as follows:

"As a general rule, the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment or information, by which the court acquires jurisdiction over the person of the defendant."

■ The specifications of error numbered 5, 6, and 11, deal with the failure of the county attorney to endorse the name of Robert W. Johnson, President of the First National Bank of White Sulphur Springs on the information. This failure was inadvertent on the part of the county attorney who promptly informed court-appointed counsel for the defendant of his omission and of his intention to move the court for an order permitting the endorsement of the witness upon the information.

In the case of State v. McDonald, 51 Mont. 1, 149 P. 279, Mr. Chief Justice Brantly, speaking for the court in connection with this question said:

"* * * It does not appear that the defendants in this case suffered any prejudice by his delinquency. [County attorney.] It is not claimed by counsel that they did. There was no attempt to show that they were surprised or unable to meet the testimony given by the witness. The argument is merely that the county attorney purposely failed to perform his duty, and therefore the conviction should be set aside. The argument is without merit."

■ Appellant argues in specifications of error 12 and 13 that it is a defense to section 94-2007, R.C.M.1947, if the defendant has made restitution. This is not the law.

22 C.J.S. Criminal Law § 41, states the general rule in the headnote:

"Since the status of an act as a crime is fixed when it is completed, and cannot be changed by the subsequent act of third persons, the fact that a person injured by a crime condones the offense or makes a settlement with respect thereto is not, in the absence of statute, a defense to criminal prosecution."

In this state we have statutes providing for compromising public offenses. R.C.M.1947, § 94-9403, provides:

"No public offense can be compromised * * * except as provided in this chapter." This chapter provides only for the compromising of a misdemeanor, R.C.M.1947, § 94-9401, and then only at the discretion of the court. R.C.M.1947, § 94-9402.

As to specifications of error No. 17 and 18, the appellant objected to the instruction numbered 21, which is as follows:

"You are instructed that it is not necessary that the party to whom the alleged fictitious check was given, give notice of any kind, of nonpayment of said check to the purported maker or endorser thereof before a criminal prosecution could be commenced, having as its basis the alleged fictitious check."

Defendant's objection to this instruction is based on his contention that a local custom allows the payee to redeem the check and thus it is not a fictitious check. As we have stated earlier in this opinion, this reference to "local custom" does not reflect the law of this state.

Also as to instruction number 23, which is as follows:

"You are instructed that, in a case where a check is drawn upon some bank, banker, or depository for money, purporting to be signed by an individual, evidence that no such person as the one whose name purports to be signed to such check had an account with said bank, banker, or depository for the payment of money, at the time of making, drawing or uttering of such check, is prima facie evidence of the fictitious character of the check."

The essence of the offense charged in the information was

the passing, with intent to defraud another, of a fictitious check purporting to be a check for the payment of money of an individual, when, in fact there was no such individual in existence.

The intent to defraud and appellant's knowledge of the fictitious character of the check were questions for the jury and such intent and knowledge were facts which might reasonably have been inferred by them from the circumstances shown by the evidence. See State v. Wellard, 3 Utah 2d 129, 279 P.2d 914; People v. Walker, 15 Cal.App.400, 114 P. 1009; People v. Hamby, 55 Cal.App. 37, 202 P. 907.

We find no merit to other specifications of error and deem it unnecessary to discuss them. The verdict was supported by the evidence, and the judgment is therefore affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, ADAIR and JOHN C. HARRISON concur.