EARL D. SMITH, JR., and EARL D. SMITH, SR., Defendants Below, Plaintiffs in Error, v. BERNORD KOZAK, Plaintiff Below, Defendant in Error.

*(January 8, 1964.)*

CHRISTIE, J., sitting.

*Jack P. White* for defendants.

*Merrill C. Trader* for plaintiff.

Superior Court for Kent County.

CHRISTIE, Judge.

In March, 1961, the plaintiff, Bernard Kozak, brought

suit before Justice of the Peace, George R. Shockley, alleging that defendants, Earl D. Smith, Sr., and Earl D. Smith, Jr., owed him a $500. refund on a sales contract in accordance with the terms thereof. Defendants purported to appear specially to contest the jurisdiction of the Justice of the Peace on the ground that plaintiff's remedy was in restitution rather than on the contract.

Magistrate Shockley held a hearing on the jurisdictional point in March, 1961, but failed to make a decision. Thereafter, Magistrate Shockley's term of office expired and Magistrate William J. Cavanaugh succeeded him. The case came up before Magistrate Cavanaugh on November 28, 1961, and the parties again argued the jurisdictional point. Magistrate Cavanaugh concluded that his court had jurisdiction.

On December 18, 1961, after trial on the merits, judgment was entered in favor of the plaintiff in the amount of $500. plus interest and costs. Defendants did not appeal the decision but on certiorari, defendants raise a number of issues which I will take up in the order raised.

Defendants maintain that Magistrate Cavanaugh had no jurisdiction because the summons was issued by his predecessor. This argument is without merit. The statute provides that a successor magistrate shall receive the civil records of the office. 10 *Del. Code* § 9109. The statute obviously contemplates that the successor shall have the authority of a continuing court in respect thereto. If there were any doubt about the intent of the statute it would be dispelled by 10 *Del. Code* § 9109(d) which permits one of the nearest magistrates to preserve the records and to act in connection therewith if a vacancy exists for more than three months.

Defendants argue that the magistrate lost

jurisdiction because the case was improperly postponed in view of the provisions of 10 *Del. Code* § 9527 which appear to limit continuances to 15 days. The statute is designed to prevent undue delay. It seeks speedy trial where circumstances permit. The statute recognizes that circumstances sometimes require postponements of more than 15 days. In any case, a magistrate does not lose jurisdiction on account of undue delay. If either magistrate here granted continuance not authorized under the statute such irregularity was waived by the parties by their own failure to make timely complaint to the magistrate. *Cf. Perkins v. Westinghouse Air Brake Co.*, 10 Del.Ch. 187, 87 A. 1027 (1913).

 In this Court defendants reasserted but did not brief or argue their original contention that the magistrate lacked jurisdiction on the ground that the action was not properly a contract action within the meaning of the jurisdictional statute. The contention was without merit. The contract on which plaintiff sued is alleged to have specially provided for a refund. Furthermore, the statute grants jurisdiction to magistrates in cases "arising from obligation, or express or implied promise, or contract * * *." 10 *Del. Code* § 9301.

It is not disputed that sometime during the course of the proceedings before the magistrates court defendant attempted to file a written counter-claim. The magistrate apparently refused to entertain the counter-claim but did not note the counter-claim, the refusal or the reason for the refusal on the record of the case supplied to this Court.

By statute any cause of action which a defendant has against the plaintiff before a Justice of the Peace must be asserted as a set off if it is cognizable before the Justice of the Peace. Any defendant neglecting to assert such claim may be barred from later asserting it. 10 *Del. Code*

§ 9540(a).

Although the law looks with disfavor upon the loss of valuable substantive rights by procedural default particularly where the procedural default is in a Court that lacks written rules of procedure, the magistrate may have refused to entertain the counter-claim on the ground that it was not timely. If the record indicated that the counter-claim had been filed on a particular date and that it was stricken for a specific reason, then a proper record would exist for possible review by the Superior Court.

The failure of the magistrate to consider or make a record in respect to the counter-claim is a defect of which this Court will take note on certiorari. See Woolley, Delaware Practice (1906) Sect. 898. The case will be returned to the magistrates court with instructions to take specific recorded action in respect to the counter-claim. If the counter-claim is filed and is not stricken, the magistrate must reopen the case in order to hear the evidence and make a decision on the merits of the counter-claim.

Defendants attorney may present an appropriate order.