STATE of Missouri, Plaintiff-Respondent,

v.

Joseph J. CANANIA, Defendant,

and

Summit Insurance Company, Surety, Appellant.

No. 36528.

Missouri Court of Appeals, St. Louis District, Division Four.

May 11, 1976.

Theodore S. Schechter, Clayton, for appellant.

John Danforth, Atty. Gen., Preston Dean and James S. Haines, Jr., Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

ALDEN A. STOCKARD, Special Judge.

This is an appeal from a judgment of forfeiture of a bail bond of Joseph J. Canania of which the appellant, Summit Insurance Company, was surety. We affirm.

Joseph J. Canania was charged with stealing from the person, a felony, and his bail was fixed by the magistrate court in the amount of $2,500. A bond in that amount was posted by appellant, the terms of which included the provisions that Joseph J. Canania was to appear in the magistrate court for his preliminary examination on October 16, 1972, and not to depart without leave, and to appear "from time to time thereafter as required by the court and throughout the pendency of this action, for trial and all other proceedings herein * * *."

The case was set for trial on October 25, 1972, but on that date the "cause was continued to December 6, 1972." Thereafter several additional continuances were granted until the final setting on April 4, 1973. On that day the State requested that the bond be forfeited, and that a certified transcript be forwarded to the circuit court.

On May 10, 1973, at the request of the State the circuit court entered judgment against Joseph J. Canania, as principal, and appellant herein, as surety, in the amount of $2,500.

Appellant asserts that the judgment was erroneous because "by continuing the case without the surety's knowledge or consent for a time more than twenty-one (21) days" the magistrate court acted "illegally and thereby absolved the appellant from liability upon the bond." As far as we can determine from the record, this contention was not presented to the circuit court.

We should first point out that the record before us is absolutely void of any indication that the continuances were without appellant's knowledge or consent. The record is silent in that respect, and from all that appears each continuance could have been at the express request of the surety to provide it with more time to locate and produce the defendant.

Appellant's argument is to the effect that the magistrate court had "no power" to require the defendant to appear on April 4, 1973, because the magistrate court had previously granted at least five continuances in excess of twenty-one days, the maximum period authorized or permitted by § 544.320 RSMo 1969. (We note here that Rule 23.06 authorizes a continuance by a magistrate court of a preliminary examination "not to exceed ten days at one time.") Appellant then argues that since a bail bond is a contract, the provisions of the statute became part of the contract, and because the State "was the first to violate the bond by the magistrate continuing the cause beyond twenty-one (21) days," it cannot now claim the benefits of the bond.

Bail has only one legal purpose, and that is to insure the defendant's presence at

trial, or in this case, at the preliminary examination. *State v. Thompkins,* 515 S.W.2d 808 (Mo.App.1974). Upon admission to bail the custody of the defendant is transferred to his sureties. *State v. Wynne,* 356 Mo. 1095, 204 S.W.2d 927 (1947). Those who become sureties do so voluntarily and they solemnly contract that the defendant shall appear and abide the orders of the court, and they know that in the event of the defendant's default the sureties are bound, with the exception hereafter noted, by their obligation. *State v. Hinojosa,* 364 Mo. 1039, 271 S.W.2d 522 (1954). The only exception in the above rule is that "A surety is entitled to discharge [from his written contractual obligation] as a matter of law only when the principal is prevented from making his bonded appearance by an act of God, an act of the law, or an act of the obligee, [in this case] the State of Missouri." *State v. Jones,* 491 S.W.2d 241, 243 (Mo.1973). See also *State v. Patterson,* 508 S.W.2d 304 (Mo. App.1974), and *State v. Wynne,* supra.

■ Appellant does not expressly so contend, but apparently it would have the facts of this case to be governed by the third situation above set forth, or that it is entitled to discharge from its bond because of "an act of the obligee." However, as noted, the purpose of the bail was to insure the defendant's presence, and while the granting of a continuance in excess of the time authorized was improper, in fact it has been described as an "unauthorized and illegal act," *State v. Caffey,* 438 S.W.2d 167, 171 (Mo.1969), that act had nothing whatever to do with the failure of the defendant to appear in the magistrate court "from time to time * * * as directed by the court * * *," and that is what appellant solemnly contracted to have done.

■ Appellant contends that the magistrate court had "no power" to set the case for trial on April 4, 1973, because that setting followed continuances in excess of the period authorized, and for that reason the failure of defendant to appear could not result in a forfeiture of the bond. The logical conclusion of this argument would be that once a magistrate court intentionally or inadvertently granted a continuance of even one day in excess of the authorized period, it would lose jurisdiction of the case and could not thereafter set a day for a preliminary examination. This contention is expressly ruled in *State v. Strong,* 484 S.W.2d 657, 660 (Mo.1972) and *State v. Caffey,* supra. In the *Strong* case the court said this:

"Defendant first contends that the magistrate court lost jurisdiction because of seven continuances from November 28, 1969, to April 6, 1970. While it is true our Rule 23.06, V.A.M.R., provides continuation of a preliminary hearing is not to exceed ten days at one time, the failure of adhere to this rule did not oust the magistrate court of its jurisdiction. In *State v. Caffey,* Mo., 438 S.W.2d 167, we held that a continuation of a preliminary hearing over an eleven month period was a procedural irregularity and did not divest the magistrate court or the circuit court of jurisdiction over the subject matter."

If the magistrate court had jurisdiction to set the case for trial on April 4, 1973, which it had, the terms of the bond bound appellant to have the defendant present in court on that date and it is no defense that the court committed a procedural error in that prior thereto it had granted a continuance in excess of the authorized period.

■ We also mention that procedural errors can be waived, and in the absence of a showing that the defendant objected to a continuance on the basis that it was for too great a time, and there is no such showing, it may be assumed that each of the continuances was with the consent of the defendant.

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.