STATE of Missouri ex rel. Arthur Leon WAGNER, Relator,

v.

Hon. Richard O. BLERSCH, Associate Circuit Judge of the Circuit Court of Stone County, Missouri, Hon. William H. Pinnell, Judge of the Circuit Court of Stone County, Missouri, Respondents.

No. 13267.

Missouri Court of Appeals, Southern District, Division One.

Nov. 4, 1983.

Ivella McWhorter Elsey, Robert M. Sweere, Springfield, for relator.

William F. McCullah, Galena, for respondents.

## ORIGINAL PROCEEDING IN PROHIBITION

FLANIGAN, Presiding Judge.

Relator in this prohibition action, Rule 97,[1] is Arthur Leon Wagner. Respondents are the associate circuit judge and the circuit judge of Stone County. The underlying action is a felony proceeding which was initiated on December 14, 1982, by the filing of a complaint by the prosecuting attorney charging Wagner with the offense of passing bad checks. On December 16, 1982, Wagner appeared before respondent Blersch, the associate circuit judge, who set the matter for a "preliminary examination," Rule 22.07(c), on January 10, 1983. After the preliminary examination had been continued once by agreement, respondent Blersch on January 27, over Wagner's objection, continued the hearing to March 11, 1983. On March 9, 1983, respondent Blersch, over Wagner's objection, continued the hearing to April 12, 1983.

On April 12, 1983, Wagner filed a motion to dismiss. The motion stated, in part, "Section 544.320 specifically states that the court may not adjourn a preliminary examination for more than 21 days at a time." The motion further stated that the two continuances granted over Wagner's objection exceeded 21 days and that "the court lacks jurisdiction over [Wagner] and the charge must be dismissed."

Also on April 12 respondent Blersch denied the motion, heard evidence, found probable cause that a felony had been committed and that Wagner had committed it and ordered Wagner to appear before respondent Pinnell, the circuit judge. Thereafter the prosecutor filed a felony information against Wagner and the proceeding is pending on that information before respondent Pinnell. After an unsuccessful attempt to obtain prohibition relief from respondent Pinnell, Wagner filed a petition in prohibition in this court and the court issued its preliminary order in prohibition.

It is Wagner's position that respondent Blersch "exceeded his jurisdiction" by entering his order, on April 12, requiring Wagner to appear on May 6 before the circuit judge for arraignment on the felony charge because Blersch "violated § 544.320

1. Unless otherwise indicated all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

which provides that a preliminary hearing may not adjourn more than 21 days" and because respondent Blersch violated Rule 22.07(c) which requires the hearing of the evidence at the preliminary hearing "within a reasonable time." It is Wagner's position that the two continuances, granted prior to April 12 over Wagner's objection, constituted the violations of the statute and the rule.[2]

■ Rule 22.07(c) reads, in pertinent part: "If the defendant does not waive preliminary examination, the judge shall hear the evidence within a reasonable time." To the extent that the time provisions of § 544.320 may be inconsistent with the rule, the latter controls. Rule 19.02. For the reasons which follow, this court holds that its preliminary order in prohibition was improvidently issued.

■ Prohibition will not be granted except when usurpation of jurisdiction or an act in excess of jurisdiction is clearly evident. *State ex rel. Tarrasch v. Crow,* 622 S.W.2d 928 (Mo. banc 1981). To similar effect see *State ex rel. Hamilton v. Dalton,* 652 S.W.2d 237 (Mo.App.1983). In *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983), the court said: "[W]e should not continue the unfettered use of the writ of prohibition to allow interlocutory review of trial court error." The court also said: "[N]ot every violation of a statute constitutes excess of jurisdiction on the part of a court."

■ The failure of an associate circuit judge (or a magistrate, as associate circuit judges were called prior to January 1, 1979, § 544.010) to comply with the time requirements of Rule 22.07(c) or § 544.320 does not oust the associate circuit judge of his jurisdiction and if such a failure occurred it was only a procedural irregularity. *State v. Caffey,* 438 S.W.2d 167 (Mo.1969); *State v.*

*Strong,* 484 S.W.2d 657 (Mo.1972); *State v. Eaton,* 504 S.W.2d 12 (Mo.1973). See also *State v. Canania,* 537 S.W.2d 203 (Mo.App. 1976).

In *Caffey* a delay of 11 months, before a criminal defendant was accorded a preliminary hearing, was held not to deprive the magistrate court of jurisdiction over the person of the accused or of the subject matter or to deprive the circuit court of jurisdiction to try the accused. In *Strong* the granting of seven continuances over a period of 129 days, in contravention of then Rule 23.06 limiting a continuance of a preliminary hearing to a period not to exceed 10 days, was held not to oust the magistrate court of its jurisdiction. In *Eaton* a 40-day continuance, granted in violation of the 10-day provision of then Rule 23.06, "while illegal, was an irregularity only and did not deprive the magistrate or circuit court of jurisdiction." The court also said, "Such delay will not invalidate the convictions ultimately obtained in the absence of prejudice resulting from the delay."

■ It is unnecessary for this court to determine in this proceeding whether or not respondent Blersch violated § 544.320 or Rule 22.07(c). Even if it be assumed that such violations occurred, they furnish no basis for the granting of the extraordinary relief of prohibition.

Rule 22.07(c) and the statute, to the extent it is not superseded by the rule, should of course receive compliance. The instant proceeding does not involve a possible application of the speedy trial statute, § 545.780, nor the constitutional right to a speedy trial, both of which are discussed in *State v. Bolin,* 643 S.W.2d 806 (Mo. banc 1983).

"Parties also should realize the fact a writ is denied does not mean the trial court is error-free. It means only that the trial court has not exceeded its jurisdiction to

---

**2.** This court refrains from considering other grounds advanced by Wagner in support of his claim that respondent Blersch exceeded his jurisdiction because the instant record is not suffi-

ciently clear to warrant their examination. See *State ex rel. Gooseneck Trailer Mfg. v. Barker,* 619 S.W.2d 928, 929 (fn. 2) (Mo.App.1981), and authorities there cited.

the point where a writ will lie. The alleged erroneous action of the court can still be preserved and presented on appeal from final judgment in the regular course of the litigation, *State ex rel. Houser v. Goodman,* supra, 406 S.W.2d [12] l.c. 124 (Mo.App.)." *State ex rel. Norfolk & Western Ry. Co. v. Dowd,* 448 S.W.2d 1, 4[5] (Mo. banc 1969).

The preliminary order in prohibition is discharged.

GREENE, C.J., and TITUS and CROW, JJ., concur.