STATE of Missouri, Respondent,

v.

Jack Virgil CAFFEY, Appellant.

No. 54357.

Supreme Court of Missouri, Division No. 1.

Oct. 13, 1969.

Clifford A. Falzone, Pros. Atty., Randolph County, Moberly, for respondent.

Jack Virgil Caffey, pro se.

HIGGINS, Commissioner.

Jack Virgil Caffey was convicted by a jury of stealing property of a value of less than $50 ($18 in currency), a misdemeanor, Sections 560.156 and 560.161, V.A.M.S. His punishment was assessed at a fine of $1,000 and imprisonment in the county jail for one year, and sentence and judgment were rendered accordingly. On this appeal appellant does not contend that the state failed to make a submissible case on the charge of stealing less than $50 and he does not charge the circuit court with any error in the trial of the charge. His complaints are limited to questioning the jurisdiction of the circuit court to try his case and these allege constitutional questions under the Sixth and Fourteenth

Amendments to the United States Constitution.

Appellant contends, Points I, II, and IV, that the circuit court "was without competent jurisdiction" to try him on grounds that the magistrate court deprived him of the right to a speedy trial and an effective appointment of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Sections 222.080 and 222.100, V.A.M.S.; and, Point III, that the state was guilty of laches in bringing him to trial under Sections 543.-080, 543.120, and 543.140, V.A.M.S., and Criminal Rules 22.01, 22.02, 22.04, 22.09, and 36.02, V.A.M.R. These contentions were the subject of motions to dismiss and to bar prosecution filed in, and heard and overruled by, the circuit court prior to the jury trial on the stealing charge.

On April 26, 1966, Jack Virgil Caffey, Sherrie Stoner, and Robert Joe Stoner were charged by information in the Magistrate Court of Randolph County with stealing $18 in currency from Headrick's Coin Wash in Moberly, Missouri, on April 25, 1966. Caffey was admitted to bail after employing Wayne C. Smith as his attorney and, while free on bail, the cause was continued from time to time at the request of that attorney. Sherrie and Robert Joe Stoner were tried in the magistrate court on July 8, 1966, but the information was dismissed as to Caffey when he failed to appear for trial due to his incarceration in the Missouri state penitentiary in June 1966 to commence serving consecutive terms of four and two years on a conviction in Greene County of burglary and stealing. See State v. Caffey, Mo., 404 S.W.2d 171.

On July 14, 1966, a new information was filed alleging the same offense, and Caffey was released from the penitentiary under a habeas corpus proceeding and brought before the Magistrate Court of Randolph County on July 18, 1966, to answer that charge and two felony complaints [1] of steal-

1. One of these complaints, 20,514, resulted in a conviction in the Circuit Court of Randolph County of stealing over $50 in currency and the conviction was affirmed March 12, 1969. State v. Caffey, Mo., 438 S.W.2d 167.

ing over $50 in currency, also filed June 14, 1966.

On July 19, 1966, Caffey was arraigned in the magistrate court where he pleaded not guilty and requested counsel and immediate trial or hearing. Austin Walden was appointed as attorney for him in one of the felony cases because, according to Magistrate Stringer, Caffey did not want the other cases tried at that time. The magistrate court set bond for defendant's appearance on the misdemeanor charge July 25, 1966, and, in default of bond, committed defendant to the custody of the sheriff. Neither Mr. Walden nor defendant was notified of the appointment of counsel. There was no further request for trial or hearing and no further action occurred in any of the cases until May 3, 1967, when defendant wrote to Magistrate Stringer reciting the history of his case and his contentions for relief under the previously mentioned statutes and rules. He requested the letter to be considered as a petition for writ of habeas corpus; that the state be barred from prosecuting him further; and that he be returned to the penitentiary to complete his 6-year sentence. He wrote to Circuit Judge Semple May 15, 1967, requesting the same relief and enclosed a copy of his letter to Magistrate Stringer.

On May 16, 1967, defendant was brought before the magistrate court and this cause was continued to May 23, 1967, when defendant again was brought before the magistrate court and, when Mr. Walden failed to appear, the cause was "passed for resetting pending agreement between the Prosecuting Attorney and defendant's attorney."

On June 1, 1967, Mr. Walden appeared in magistrate court, pursuant to his appointment on May 23, 1967, as counsel for defendant in this cause, and asked for leave to withdraw pursuant to written request from defendant. The request to withdraw was granted June 2, 1967, and, on June 7, 1967, Arthur M. O'Keefe and C. M. Hulen, Jr., were appointed as counsel for defend-

ant. On the same day, Mr. Hulen was granted leave to withdraw and Richard Chamier was appointed to assist Mr. O'Keefe. Mr. O'Keefe was permitted to withdraw June 12, 1967.

On June 14, 1967, defendant was before the magistrate court where he announced that he did not want any attorney but wished to plead his own case, and, upon trial to the court, was found guilty of the charge of stealing less than $50 in currency. He was also bound over to the circuit court after preliminary hearing on the felony charges.

On June 15, 1967, defendant appealed his misdemeanor conviction to the circuit court and, on June 19, 1967, he moved to remand all three cases to the magistrate court for failure "to observe certain Supreme Court Rules in the conduct of the proceedings * * * which deprived this defendant of various constitutional rights." This motion was overruled June 30, 1967.

On July 5, 1967, Roswell Henderson and Richard Chamier were appointed as counsel for defendant in this cause and they assisted him in presentation of his motion to dismiss the misdemeanor charge on the grounds stated in this appeal. Upon conclusion of that day's proceedings the appeal was set for trial de novo for September 8, 1967.

On August 30, 1967, defendant filed his "Motion in Bar Prosecution" in which he embodied the allegations of his motion to dismiss and again stated the grounds of this appeal. On September 7, 1967, the prosecuting attorney, defendant, and Mr. Henderson were before the circuit court and the cause was reset for jury trial September 13, 1967.

On September 13, 1967, the state, defendant, and his attorneys were before the circuit court, the motions to dismiss and in bar of prosecution were overruled, and trial proceeded before a jury. Evidence was offered by the state over defendant's objection to any trial due to alleged lack of jurisdiction, defendant stood on his motions, the jury was properly instructed, and, after de-

liberation, found defendant guilty of stealing less than $50. Motion for new trial was filed and overruled; defendant was sentenced pursuant to the verdict, and this appeal followed.

The judgment of conviction was upheld in the prior felony case because appellant's right to a fair trial was not prejudiced, State v. Caffey, 438 S.W.2d 167, 174, and there is no difference in principle in appellant's situation on this appeal. Accordingly, that decision is controlling and this judgment must be affirmed.

■ Comparison of the statement in State v. Caffey, supra, 438 S.W.2d l. c. 169, 170, demonstrates that the facts and circumstances of that case are, with one exception, the same as those of this appeal; and appellant's points, authorities, theories, and arguments also are, with one exception, the same in each appeal. The single exception is that the prior case dealt with the alleged denial of speedy trial in the preliminary hearing of a felony complaint under Criminal Rules 23.03, 23.06, and 29.01, V.A.M.R., and Sections 544.270 and 544.330, V.A.M.S., and this case concerns the alleged denial of a speedy trial of a misdemeanor under Criminal Rules 22.01, 22.02, 22.04, 22.09, and 36.02, V.A.M.R., and Sections 543.080, 543.-120, and 543.140, V.A.M.S. Appellant was brought before the magistrate court on the felony complaint of the prior case and the misdemeanor information of this case on the same date, July 18, 1966; his preliminary hearing on the felony complaint and his trial on the misdemeanor took place in the magistrate court on the same date, June 14, 1967; his trial in circuit court on the felony charge took place October 11, 1967; and his trial *de novo* of the misdemeanor on appeal to the circuit court took place September 13, 1967, and there is no contention that the time from June 14, 1967, to trials in the circuit court on October 11, 1967, and September 13, 1967, violated appellant's rights to a speedy trial.

■ Appellant argues also that Section 541.210, V.A.M.S., barred this prosecution because the charge was not tried within a year after it was filed. That section requires only that a misdemeanor charge be instituted within one year after commission of the offense; this offense was committed April 25, 1966, and the charge was filed July 14, 1966.

■ Appellant suggests also in connection with his Point IV that if the magistrate had appointed counsel to this case when requested, his counsel could have moved for relief under Sections 222.080 and 222.-100, V.A.M.S., which provide that any person imprisoned in a correctional institution may request a final disposition of any untried indictment or information pending while so imprisoned, and if he be not brought to trial within 180 days after such request the charge is to be dismissed with prejudice. As conceded by appellant, this ground for relief was not presented to the trial court in this case and thus affords no ground for relief on this appeal.

■ Finally, it is observed that any imposition on appellant in these circumstances has been remedied by giving appellant credit on his penitentiary sentence in the companion felony case for the time spent in the Randolph County jail awaiting trial on the misdemeanor and preliminary hearing on the felony charge. State v. Caffey, supra, 438 S.W.2d l. c. 174 [13]. He is not entitled to a second credit of the same time.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

STORCKMAN and HOLMAN, JJ., concur.

SEILER, P. J., dissents in separate dissenting opinion filed.

SEILER, Presiding Justice (dissenting).

In affirming the judgment, the majority opinion relies on State v. Caffey (Mo.Sup.) 438 S.W.2d 167. That opinion, it seems to me, points to a different result. In State v. Caffey, supra, the court announced the rule that the constitutional right to speedy trial *commences with the filing of the information*. There, in a felony case, slightly over three months elapsed from information to trial. This was held not to violate the right to a speedy trial. Here, in a misdemeanor case, where upon conviction the maximum confinement is one year, Sec. 560.161(1), RSMo 1959, V.A.M.S., defendant is held in jail 11 months awaiting trial *after the information is filed*. It was filed July 14, 1966. Defendant did not get a trial until June 14, 1967. This despite the provisions of Sec. 18(a), Art. I, 1945 Constitution, V.A.M.S., that the accused shall have "a speedy public trial" and of Rule 22.01 that when the defendant is brought before the magistrate in a misdemeanor case, it is the magistrate's duty "forthwith" to hear the case.

There are other parts of Rule 22 relating to continuances, but none apply to the case before us, where under the facts defendant asked for an immediate trial and did not at any time agree to a continuance. The majority opinion reads one of the answers of Magistrate Stringer at the hearing held in circuit court in the present case, on defendant's pro se motion in bar of prosecution, as meaning that as of July 19, 1966, defendant wanted only the felony case in which Mr. Walden was appointed as attorney tried at that time. It is true that appointment of counsel was made on July 19, 1966 only in the felony case which eventually reached here as State v. Caffey (Mo. Sup.) 438 S.W.2d 167. The meaning of the answer made by Magistrate Stringer in the record is not entirely clear to me, but the appointment of counsel in State v. Caffey, supra, could not have been with the idea of furnishing Caffey a speedy trial in that case while passing the present case

with his consent, because, as shown by State v. Caffey, supra, 438 S.W.2d 1. c. 169, Magistrate Stringer did not inform either Mr. Walden or defendant of the appointment until 10 months later and, further, on July 19, 1966, continued the felony charge, without notice to defendant, until May 23, 1967. The fact is, the only case which was set for trial when defendant was arraigned on July 19, 1966, is the case before us. This is shown by what happened on that date—to-wit, after the arraignment, the not guilty plea and the request for appointment of counsel and immediate trial, defendant's appearance was set for six days later, July 25, 1966, and in default of $500 bond, defendant was committed to the custody of the sheriff. This would be in compliance with Rules 22.02 and 22.03, which pertain to misdemeanor cases in magistrate courts and relate to setting the case for trial, providing for bond, and in default thereof, committing the defendant to jail *until the day set for trial*. That is what was done with defendant, but then when July 25, 1966 arrived, nothing happened and it was not until June 14, 1967, that the case was actually tried. Therefore, it does not seem to me there is anything connected with the manner in which counsel was appointed in the felony case to support any factual determination that defendant did not want or expect a speedy trial in his misdemeanor case.

The fact that defendant in the case before us did have a speedy trial de novo in circuit court on his appeal from his conviction in magistrate court does not mean he was not entitled to a speedy trial in magistrate court in the first place. If the speedy trial provisions of the constitution and the rules are to mean anything in practice, there must be some direct remedy available when they are violated as they clearly were here by not giving this defendant a trial in magistrate court for 11 months, during which time he was in jail, on a misdemeanor charge where the maximum confinement on conviction could not exceed one year. Any delay beyond 30 to

60 days in reaching trial in a case such as this would seem unnecessary. No excuse appears for delaying 11 months.

It does not seem to me the relief granted in State v. Caffey, supra, where this court ordered this same defendant be given credit on his felony sentence for the time spent in jail awaiting trial, meets the issue before us in the present case. In State v. Caffey, supra, under the court's holding there was no denial of a speedy trial. Here, where the information had been filed for months with no action, there was, in my opinion, a delay of such length alone as to constitute denial of a speedy trial. If so, such denial of speedy trial remains a fact, no matter what happened in the other case. The only effective remedy is to reverse the judgment on the misdemeanor conviction because of denial of a speedy trial and this I would do. For these reasons I respectfully dissent.