**Jack Virgil CAFFEY, Appellant,**

v.

**Harold R. SWENSON, Appellee.**

**No. 20338.**

United States Court of Appeals,
Eighth Circuit.

Jan. 25, 1971.

Daniel P. Reardon, Jr., St. Louis, Mo., filed brief for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Mo., and Kenneth M. Romines, Asst. Atty. Gen., filed brief for appellee.

---

Before MATTHES, Chief Judge, Mr. Justice CLARK,* and BRIGHT, Circuit Judge.

PER CURIAM.

This is an appeal from an order entered by the United States District Court for the Western District of Missouri dismissing, without prejudice, appellant's petition for writ of habeas corpus. The dismissal by the district court was premised on a finding that appellant sought habeas relief on two grounds —denial of a speedy trial and denial of effective assistance of counsel. The district court found that appellant had not sought relief in the state courts on the latter of these two issues, and on this basis, dismissed the entire petition for failure to exhaust state remedies. On timely application by appellant, the district court granted a certificate of probable cause to appeal.

Careful analysis of the district court's files has convinced us that appellant did not intend to, and in fact did not, present to that court the allegation of denial of effective assistance of counsel as a ground for vacation of his judgment of conviction. While this allegation was collaterally discussed in an exhibit to the traverse filed by appellant in the district court, he has consistently maintained that he does not seek relief on this ground. In addition, the able counsel appointed to represent appellant on this appeal has conceded and stressed that the only allegation upon which relief is sought is that appellant was denied a speedy trial. The district court found, and appellee concedes, that state court remedies on this single contention of the denial of a speedy trial have been fully exhausted.

Viewing the case in this posture, we are convinced that this appeal does not present the question of whether state remedies must be exhausted on all claims presented in a state prisoner's habeas corpus petition, before a federal court will consider the merits of one or more of those grounds upon which all currently available state remedies have been exhausted.

Accordingly, we vacate the judgment of the district court and remand to that court with directions to consider on the merits only the allegation that appellant was denied a speedy trial.