**UNITED STATES of America,
Appellee,**

v.

**Lawrence Eugene WEBER, Appellant.**

**No. 73–1089.**

United States Court of Appeals,
Eighth Circuit.

Argued March 26, 1973.

Submitted May 18, 1973.

Decided May 21, 1973.

Jack S. Nordby, St. Paul, Minn., filed appendix and briefs for appellant.

Robert G. Renner, U. S. Atty., and John M. Lee, Asst. U. S. Atty., Minne-

apolis, Minn., filed printed brief for appellee.

Before MATTHES, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

Lawrence Eugene Weber has appealed from his conviction of possession and sale of a quantity of LSD. He presents a two-pronged issue: (1) denial of his Fifth Amendment due process right caused by the government's alleged deliberate pre-indictment delay and (2) denial of his Sixth Amendment right to a speedy trial resulting from the alleged lengthy delay between the indictment and the arrest and trial.

In chronological order we enumerate the pertinent events.

1. On April 1, 1970, defendant sold 514 LSD tablets to an agent of the Bureau of Narcotics and Dangerous Drugs.

2. On November 5, 1970, a four count indictment was returned.

Counts I and II were directed against Weber and Jack J. Conrey. Counts III and IV involved Jack J. Conrey and Guy Coney, also known as Sebastian.

3. On November 23, 1970, the Assistant United States Attorney informed the court that appellant Weber and Jack J. Conrey were fugitives and that defendant Coney had been served with a warrant in California and had requested a continuance.

4. On November 10, 1971, upon the request of the United States Attorney, the indictment was dismissed as to Guy Coney.

5. In August, 1972, during an unrelated investigation in St. Paul, Minnesota, police officers observed appellant Weber. His arrest followed.

6. On August 22, 1972, appellant Weber filed six motions including a motion to dismiss the indictment in the United States District Court. The motion to dismiss did not raise the issue of the failure of the government to grant him a speedy trial and did not complain about the delay between the date of filing of the indictment and the arrest and trial.

7. Appellant was tried on October 2 and 3, 1972, and found guilty under both counts 1 and II.

We find no merit in appellant's contentions and affirm.

## RIGHT TO SPEEDY TRIAL —POST INDICTMENT

■ The right to a speedy trial attaches where there is "either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge. . . ." United States v. Marion, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed. 2d 468 (1971). See also Foley v. United States, 290 F.2d 562 (8th Cir.), cert. denied, 368 U.S. 888, 82 S.Ct. 139, 7 L.Ed. 2d 88 (1961). Thus, in our view, the Sixth Amendment right to a speedy trial can only have application in this case to the period of time from indictment, November 5, 1970, to apprehension on August 2, 1972. Any suggestions that a delay occurred between the date of arrest in August, 1972, and date of trial in October, 1972, is patently frivolous.

In Barker v. Wingo, 407 U.S. 514, 525, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971), the Supreme Court, in an exhaustive review of the speedy trial issue, adopted a balancing test which requires consideration of four factors: (1) the length of delay, (2) the reason for delay, (3) defendant's assertion of his right to a speedy trial, (4) the prejudice to the defendant.

■ Although there was a delay of 21 months from the time of the filing of the indictment to the date of Weber's apprehension, we are fully satisfied that the delay was directly caused by appellant himself. He and Conrey had fled and were fugitives from justice. There is nothing in this record to warrant a holding, as suggested by appellant, that the government was dilatory in not mak-

ing a diligent effort to locate and apprehend Weber. Certainly there is no evidence of a "diligent attempt to delay the trial in order to hamper the defense."

We observe that in *Barker, supra,* the failure of the defendant to assert the right makes it difficult for a defendant to prove he was denied a speedy trial. *Id.* at 532, 92 S.Ct. 2182. Thus, while not requiring an assertion of the right as an absolute rule, the court announced that a defendant has some responsibility to assert a speedy trial. Here it is significant that appellant's attorney filed six pre-trial motions after appellant was apprehended, and in none of them did he complain of having been denied a speedy trial.

Although appellant alleges he was prejudiced because of the lapse of time, the record fails to support this consideration. In any event we have difficulty in adopting the rationale that an accused may purposefully obstruct justice by becoming a fugitive and then complain because of the lapse of time between the filing of the indictment and the date of the arrest.

■ Appellant also complains because of the delay of approximately 7 months between the time he sold the LSD tablets, April 1, 1970, and the date the indictment was filed November 5, 1970. Applicable here is the pronouncement in *Marion* that "No actual prejudice to the conduct of the defense is alleged or proved, and there is no showing that the Government intentionally delayed to gain some tactical advantage over appellees or to harass them." *Id.* at 325, 92 S.Ct. at 466. We dealt with this identical issue in Foley v. United States, *supra.* *See also* Mack v. United States, 326 F.2d 481 (8th Cir.), cert. denied, 377 U.S. 947, 84 S.Ct. 1355, 12 L.Ed.2d 309 (1964). Having carefully considered the record, appellant's contentions and the applicable law, we are satisfied that appellant was not denied due process and was not denied a speedy trial.

The judgment is affirmed.