**James Ronald SHELTON, Petitioner-Appellant,**

v.

**Raymond W. MEIER, Respondent-Appellee.**

No. 71–2207.

United States Court of Appeals, Ninth Circuit.

Sept. 14, 1973.

James Ronald Shelton, in pro. per.

Stan Pitkin, U. S. Atty., Tacoma, Wash., for respondent-appellee.

Before DUNIWAY, GOODWIN and WALLACE, Circuit Judges.

## OPINION

DUNIWAY, Circuit Judge:

■■ Shelton is a federal prisoner, doing his time at McNeil Island, in the Western District of Washington. In his petition for a writ of habeas corpus he seeks to attack a previous California state conviction. He claims to have exhausted his remedies in California. Nowhere in his petition, however, is it alleged that his present federal custody is affected by the California conviction. Under these circumstances the writ does not tie in the Western District of Washington. At minimum he must show that his present detention is affected by the California conviction. All that he alleges is that "I am still suffering from the lingering effects of this invalid prior conviction." This is not enough to confer jurisdiction to review his California conviction upon the United States District Court for the Western District of Washington. There is here nothing to suggest that Shelton is "in custody [in the Western District of Washington] pursuant to the judgment of a State court . . ." 28 U.S.C. § 2254(a). All that appears is that he is in custody pursuant to the judgment of a federal court and he does not attack that judgment.

■■ Shelton does not suggest that he is subject to a California detainer which is being given effect by his federal custodian. *Cf.* Ashley v. Washington, 9 Cir., 1968, 394 F.2d 125. Similarly, in Braden v. 30 Judicial Circuit Court of Kentucky, 1973, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443, there was a detainer. Under *Braden,* Shelton could file his petition in the appropriate district court in California. It does not follow that he can also file it in the Western District of Washington, absent a showing that his custody in that district is somehow affected by his California conviction. If he had made such a showing, we do not think that *Braden* would stand in his way. *Cf.* Nelson v. George, 1970, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578. But he did not. We do not read *Braden* as requiring that the district court for the Western District of Washington must proceed when nothing in the petition shows that his custody in that District is in any way affected by the California conviction that he attacks. The rationale of *Braden* is that California is the appropriate venue. Washington would also be appropriate if Shelton's custody there were affected by his California conviction. We hold that, when that is not the case, Washington is not an appropriate jurisdiction under *Braden;* California is appropriate. If Shelton is "in custody pursuant to the judgment of a [California] State court," under the current expanded concept of custody, he is in custody in California.

Affirmed.