**Jack Virgil CAFFEY, Petitioner,**

v.

**Donald W. WYRICK, Warden,[1] Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 18232–3.**

United States District Court,
W. D. Missouri, W. D.

May 29, 1974.

1. Because of judicially noticable succession in office, Donald W. Wyrick, present Warden of the Missouri State Penitentiary at Jefferson City, Missouri, is substituted as the respondent in his official capacity.

James P. Dalton, Jefferson City, Mo., for petitioner.

Kenneth M. Romines, Former Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT DENYING PETITION FOR A WRIT OF HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

This is a petition for a writ of federal habeas corpus by a state convict formerly in custody at the Missouri State Penitentiary at Jefferson City, Missouri. Petitioner seeks an adjudication that his conviction and sentence were illegally imposed upon him in violation of his federal constitutional rights. Petitioner has requested leave to proceed in *forma pauperis*. By prior order of this Court on April 8, 1970, petitioner was granted leave to proceed in *forma pauperis*.

Petitioner states that he was convicted upon a finding of guilty by a jury in the Circuit Court of Randolph County, State of Missouri, of "stealing under $50.00"; that he was sentenced on that conviction on September 13, 1967, to a term of one year imprisonment and a fine of one thousand dollars; that he appealed from the judgment of conviction and imposition of sentence to the Missouri Supreme Court, which affirmed the decision of the Circuit Court of Randolph County in State of Missouri v. Caffey, 445 S.W.2d 642 (Mo.Sup. 1969); that petitioner subsequently filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on March 23, 1970; and that petitioner was not represented by counsel at his arraignment and plea, but was so represented at his trial, at sentencing and on direct appeal to the Supreme Court of Missouri from the decision of the trial court.

Petitioner seeks an adjudication that the conviction and sentence of the Circuit Court of Randolph County were imposed upon him illegally in violation of

his federal constitutional rights for the single reason that he was denied his right to a speedy trial in violation of the Sixth Amendment to the United States Constitution. In legal support of that contention, petitioner cites Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

Petitioner states the following as facts in support of his contention that he was denied his constitutional right to a speedy trial:

"On July 18, 1966, petitioner was taken before the magistrate court of Randolph County, Missouri to plead to a misdemeanor information which charged the offense of stealing under $50.

"Petitioner requested an immediate trial and the assistance of counsel. Petitioner was then remanded to the custody of the Sheriff of Randolph County, to await the appointment of counsel and trial. From the date of July 18, 1966 to July 6, 1967, petitioner was confined in the Randolph County jail.

"Without notice to or consent of petitioner, the cause was continued from July 19, 1966 to May 23, 1967, during which time, petitioner was without the assistance of counsel. Between the date of May 23, 1967 and June 14, 1967, counsel was appointed but the cause was continued several times over the objection of the defendant.

"Trial in magistrate court on the charge of stealing under $50 was not held until the date of June 14, 1967. Petitioner was convicted at that time; and again upon trial de novo, in the circuit court. The judgment of conviction in circuit court was affirmed by the Missouri Supreme Court on October 13, 1969."

On April 8, 1970, an order of this Court was entered granting petitioner leave to proceed in *forma pauperis* and directing the respondent to show cause why the petition for a writ of habeas corpus should not be granted.

On April 29, 1970, counsel for respondent filed herein a response to the show cause order, therein conceding that petitioner had exhausted his currently available state remedies with respect to the speedy trial claim, and additionally contending that petitioner had failed to establish sufficient prejudice to warrant the granting of habeas corpus relief on the speedy trial claim, citing in support thereof United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). As part of the response, counsel for respondent attached and submitted the following documents: (1) a photocopy of the transcript of the record on appeal in State of Missouri v. Caffey, *supra*; (2) a photocopy of petitioner's brief filed in the Missouri Supreme Court in State of Missouri v. Caffey, *supra*; (3) a photocopy of the respondent's brief filed in the Missouri Supreme Court in State of Missouri v. Caffey, *supra*; and (4) a photocopy of the opinion of the Missouri Supreme Court in State of Missouri v. Caffey, *supra*.

On May 5, 1970, petitioner filed herein his "Traverse of Response to Order to Show Cause," therein reiterating and expanding upon his basic contention and the facts in support thereof. In that traverse, petitioner also intimated that he had also been denied effective assistance of counsel.

On May 13, 1970, a final judgment was entered dismissing the petition herein for a writ of habeas corpus on the ground that petitioner had failed to exhaust his currently available state remedies with respect to the purported claim that he had been denied effective assistance of counsel.

Petitioner appealed that dismissal of his petition to the United States Court of Appeals for the Eighth Circuit. On January 25, 1971, that Appeals Court vacated the judgment of this Court entered on May 13, 1970, and directed that this action be ". . . remand[ed] to that court with directions to consider on the merits only the allegation that appellant was denied a speedy trial." Caffey

v. Swenson, 437 F.2d 70, 71 (8th Cir. 1971). The Court of Appeals specifically held that petitioner ". . . did not intend to, and in fact did not, present to that court the allegation of denial of effective assistance of counsel as a ground for vacation of his judgment of conviction." Caffey v. Swenson, *supra.*

On February 2, 1971, petitioner filed herein a "Motion for Continuance" of this action. Thereafter, on March 30, 1971, an order was entered denying petitioner's motion for a continuance as moot and directing petitioner to state whether he desired to offer additional evidence on the speedy trial claim.

In a response to the order of March 30, 1971, petitioner filed herein on April 6, 1970, his "Offer of Proof," therein listing the witnesses and exhibits which he desired to offer as evidence in the case at bar. Thereafter on May 6, 1971, an order was entered appointing counsel to assist petitioner and directing counsel to follow the procedure in preparing for the hearing as outlined by Senior United States Circuit Judge and former District Judge James M. Carter in Cortez v. United States, 32 F.R.D. 391 (S.D.Cal. 1963).

On June 2, 1971, petitioner filed herein a "Motion," therein requesting that the Court ". . . hear and consider evidence regarding 'oppressive incarceration', 'anxiety and concern', 'public scorn and curtailment of speech and associations', and 'ineffective assistance of counsel', when the hearing on the merits of the Sixth Amendment speedy trial claim is held in this cause." On June 12, 1971, an order was entered denying petitioner's motion that the Court take evidence immaterial to petitioner's contention of denial of his right to a speedy trial as presented in the state courts.

Counsel for the respondent filed herein a "Supplemental Response to Show Cause" on July 14, 1971, therein contending that because the evidentiary facts which petitioner wishes to present to this Court have not been presented to the state courts by way of direct appeal or collateral attack under Missouri Criminal Rule 27.26, V.A.M.R., the petition herein should be dismissed.

Following the entering of an order granting the parties an extension of time in which to file the *Cortez* procedure pretrial order, counsel for petitioner filed herein on July 26, 1971, his offer of proof. On that same day, the parties filed herein their joint stipulation.

On February 23, 1972, petitioner filed herein a *pro se* "Affidavit to Disqualify Judge for Bias and Prejudice" pursuant to Section 144, Title 28, United States Code. That motion to disqualify the undersigned was denied by order of February 28, 1972.

The evidentiary hearing in the case at bar was held on March 9, 1972, pursuant to the requirements for holding hearings in habeas corpus cases as set forth in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). During that hearing, petitioner testified under oath.

On May 26, 1972, counsel for the parties submitted their "Pre-Trial Stipulation and Order." Thereafter on June 19, 1972, counsel for respondent filed herein a "Supplemental Response," therein suggesting that the petition herein for a writ of habeas corpus should be dismissed as moot. In support thereof, respondent states as follows:

"On June 1, 1972, the petitioner herein received a commutation of his sentence and was released from the State Penitentiary for Men at Jefferson City, Missouri (see attached Certified Transcript of Serial Record). Respondent would further state that petitioner's release was not subject to parole supervision. Petitioner's present whereabouts are unknown to both respondent and counsel for petitioner."

■ Although petitioner has been discharged from custody, this petition for a writ of federal habeas corpus is not moot. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917

(1968). As a consequence of his conviction, petitioner may not be able to secure employment or engage in certain business, civic and social functions. Because these disabilities may flow from petitioner's conviction, he has ". . . a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him." Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196, 203 (1946). Therefore, the action is not moot. Carafas v. LaVallee, 391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554, 558 (1968); Ginsberg v. New York, 390 U.S. 629, 633–634, 88 S.Ct. 1274, 20 L. Ed.2d 195, 200 (1968), reh. denied, 391 U.S. 971, 88 S.Ct. 2029, 20 L.Ed.2d 887 (1968); United States v. Morgan, 346 U.S. 502, 512–513, 74 S.Ct. 247, 98 L.Ed. 248, 257–258 (1954).

▮ The federal habeas corpus statute requires that the petitioner must be "in custody" at the time that the petition for habeas corpus is filed. Further, the statute does not limit the relief that may be granted to discharge from physical or constructive custody. See, Carafas v. LaVallee, 391 U.S. 234, 238–239, 88 S.Ct. 1556, 20 L.Ed.2d 554–559 (1968); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Walker v. Wainwright, 390 U. S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968); cf. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941).

▮ In the case at bar, petitioner filed herein his petition for a writ of habeas corpus while he was in custody at the Missouri State Penitentiary at Jefferson City, Missouri. This Court has jurisdiction to consider the merits of the petition herein. Downey v. Missouri Board of Probation and Parole. Civil Action No. 20725–3 (W.D.Mo. April 27, 1974).

The record establishes and the parties agree that the sole contention that petitioner was denied his right to a speedy trial in violation of the Sixth Amendment to the United States Constitution has been fully exhausted by presentation to the state courts. Thus, that contention will be reviewed and determined herein on its merits.

## Findings of Fact

Based on the evidence adduced at the evidentiary hearing held on March 9, 1972, and the record of the proceedings in the Magistrate Court, Circuit Court, and Supreme Court of Missouri as stipulated by the parties, the following findings of fact are made.

On April 26, 1966, petitioner, Sherrie Stoner and Robert Joe Stoner were charged by information in the Magistrate Court of Randolph County with stealing $18 in currency from Headrick's Coin Wash in Moberly, Missouri, on April 25, 1966. Petitioner was admitted to bail after employing Wayne C. Smith as his attorney and, while free on bail, the case was continued from time to time at the request of that attorney. Robert Joe Stoner and Sherrie Stoner were tried in the Magistrate Court on July 8, 1966. The information was dismissed as to petitioner when he failed to appear for trial because of his imprisonment in the Missouri State Penitentiary in June 1966, to commence serving consecutive terms of four and two years on convictions of burglary and stealing in the Circuit Court of Greene County, State of Missouri. See, State of Missouri v. Caffey, 404 S.W.2d 171 (Mo. Sup.1966).

On July 14, 1966, a new information charging stealing $18 in currency was filed against petitioner in the Magistrate Court of Randolph County, charging the original offense in question. Petitioner was temporarily released from the Missouri State Penitentiary on a writ of habeas corpus ad prosequendum and was brought before the Magistrate Court of Randolph County on July 18, 1966, to answer that charge and two additional felony complaints of stealing over $50 in currency, also filed June 14, 1966.

On July 19, 1966, petitioner was arraigned in the Magistrate Court of Ran-

dolph County. He pleaded not guilty and requested counsel and an immediate trial or a hearing. Austin Walden, Esquire, an able distinguished attorney, was appointed as counsel for petitioner in one of the additional felony cases apparently because the petitioner did not want the other cases tried at that time. The Magistrate Court set bail for petitioner's appearance on the renewed original misdemeanor charge July 25, 1966, and in default of making bail, committed the petitioner to the custody of the Sheriff of Randolph County. It appears that neither Mr. Walden nor petitioner was notified of the appointment of Mr. Walden as counsel for petitioner.

No further request for trial or hearing and no further proceedings occurred in any of the cases until May 3, 1967. On that date, petitioner wrote a letter to Magistrate Stringer of Randolph County reciting the history of his case and his claims for relief. In his letter, petitioner requested that it be considered as a petition for a writ of habeas corpus, and that the state be barred from prosecuting him further. In his letter, petitioner further requested that he be returned to the Missouri State Penitentiary to complete his six year sentence. On May 15, 1961, petitioner also wrote to Judge Semple of the Circuit Court of Randloph County, requesting the same relief and enclosed a copy of his letter to Magistrate Stringer. During the period from July 19, 1966, to May 3, 1967, petitioner had made no effort to request a trial, nor had petitioner made any effort to call the attention of the Magistrate Court to his pending case. Under the circumstances, including the possibility of dismissal because of delay in trial, this period of confinement in the Jail was preferable to confinement in the Penitentiary where petitioner would otherwise have been confined.

Petitioner was brought before the Magistrate Court on May 16, 1967, and the cause was continued to May 23, 1967, when petitioner was again brought before the Magistrate Court. On this latter date, Mr. Walden excusably did not appear and the cause was ". . . passed for resetting pending agreement between the Prosecuting Attorney and defendant's attorney." These continuances were ordered on the initiative of the Magistrate Court.

Thereafter on June 1, 1967, Mr. Walden appeared as counsel for petitioner in the misdemeanor case in Magistrate Court pursuant to his appointment on May 23, 1967. At that time Mr. Walden requested leave to withdraw as counsel pursuant to petitioner's written request dated May 30, 1967, wherein petitioner requested Mr. Walden to withdraw from representing him. The request to withdraw as counsel was granted by the Magistrate Court on June 2, 1967. On June 7, 1937, Mr. Arthur M. O'Keefe and Mr. C. M. Hulen, Jr., were appointed as counsel for petitioner. On that same day, Mr. Hulen was granted leave to withdraw and Mr. Richard Chamier was appointed to assist Mr. O'Keefe. Later Mr. O'Keefe was permitted to withdraw on June 12, 1967.

Petitioner was brought before the Magistrate Court on June 14, 1967. At that time he announced that he did not wish to have appointed counsel but wanted to plead his own case. On that same date, the case was tried before the Magistrate without a jury. The petitioner was found guilty of the charge of stealing less than $50 in currency by the Magistrate.

On June 15, 1967, petitioner appealed his misdemeanor conviction to the Circuit Court of Randolph County, Missouri. On June 19, 1967, petitioner moved to remand all three cases, including the felony charges, to the Magistrate Court for failure ". . . to observe certain Supreme Court Rules in the conduct of the proceedings . . . which deprived this defendant of various constitutional rights. That motion was overruled on June 30, 1967.

Thereafter Mr. Roswell Henderson and Mr. Richard Chamier were appointed as counsel for petitioner on July 5, 1967. They assisted petitioner in the presentation of his motion to dismiss the

misdemeanor charge. Upon conclusion of that day's proceedings, the appeal of the misdemeanor charge was set for trial *de novo* on September 8, 1967.

On August 30, 1967, petitioner filed his "Motion in Bar Prosecution" in which he embodied the statutory and speedy trial allegations contained in his motion to dismiss. On September 7, 1967, counsel for both parties appeared before the Circuit Court of Randolph County and the misdemeanor trial *de novo* was reset for September 13, 1967.

On September 13, 1967, a hearing was held in the Circuit Court of Randolph County on petitioner's motion to dismiss and motion in bar of prosecution. The motions were overruled. On that same day, the trial *de novo* proceeded before a jury. Defendant was found guilty of the charge of stealing less than $50. Motion for a new trial was filed and overruled and petitioner was sentenced pursuant to the verdict. Direct appeal to the Missouri Supreme Court followed. The appealed judgment of conviction and imposition of sentence of the Circuit Court of Randolph County was affirmed by the Missouri Supreme Court in State of Missouri v. Caffey, 445 S.W.2d 642 (Mo.Sup.1969).

### *Conclusions of Law*

In the controlling United States Supreme Court case of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court fully reviewed the issue to be determined herein and held that: (1) the right to a speedy trial cannot be quantified into a precise number of days or months; (2) the primary burden remains on the courts and the prosecutors to assure that cases are speedily brought to trial; and (3) a claim that a defendant has been denied

his right to a speedy trial is subject to a "balancing test." Mr. Justice Powell, expressing the unanimous views of the Court, delineated four factors to be considered in weighing the conduct of the prosecution and the defendant in determining whether a defendant has been denied a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion or inassertion of the right; and (4) prejudice to the defendant resulting from the delay. *Accord,* Gerberding v. United States, 471 F.2d 55 (8th Cir. 1973); United States v. Weber, 479 F.2d 331 (8th Cir. 1973); United States v. Phillips, 482 F.2d 191 (8th Cir. 1973); United States v. Green, Criminal Action No. 24003–V (W.D.Mo. November 23, 1973).

First, the length of the delay involved in the case at bar is approximately eleven months. Petitioner was arraigned in the Magistrate Court on July 19, 1966, and was tried and found guilty by Magistrate Stringer on June 14, 1967. There is no contention that the delay from July 5, 1967, to the date of the trial *de novo* in the Circuit Court of Randolph County on October 11, 1967, violated petitioner's constitutional right to a speedy trial. From June 14, 1967, to October 11, 1967, inclusive, petitioner had two plenary trials. The eleven month delay alone cannot be deemed *per se* unreasonable or a denial of petitioner's constitutional right to a speedy trial.[2] In Gerberding v. United States, 471 F.2d 55, 61 (8th Cir. 1973), a one year delay was held not to be in violation of the Sixth Amendment right to a speedy trial. And in Lillibridge v. Swenson, 326 F.Supp. 1104, 1111–1112 (W.D.Mo.1971), this Court held that under federal standards, an approximate one year delay in trial was not *per se* unreasonable.

2. In Barker v. Wingo, 407 U.S. 514, 521, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101, 112 (1972), the United States Supreme Court noted that ". . . justice is supposed to be swift but deliberate." The Court also quoted with approval the following from the case of United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627, 630 (1966):

"[I]n large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself."

■ Second, the reason for the eleven month delay in the case at bar cannot be attributed to any single individual, lawyer, or official involved. The delay from the time of arraignment to May 23, 1967 was apparently permitted by Magistrate Stringer. During that time, no motions for continuances or other motions were filed by either party. The delay from May 23, 1967, to May 30, 1967, was apparently caused by the lack of appearance on May 23, 1967, of Mr. Walden, petitioner's appointed counsel, because of failure of notice or other excusable cause. The additional delay caused by Mr. Walden's withdrawal as counsel on June 2, 1967, was the direct result of petitioner's written request of May 30, 1967, that Mr. Walden withdraw from representation of petitioner. The final delays from June 7, 1967, to the trial date of June 14, 1967, were apparently caused by the withdrawals of Mr. Hulen and Mr. O'Keefe who had been appointed counsel for petitioner in the meantime. It should be noted that the facts do not imply that the state failed to fulfill its duty and burden of bringing petitioner to trial and insuring that the trial was consistent with due process. *See*, Barker v. Wingo, 407 U.S. 514, 527, 92 S.Ct. 2182, 33 L.Ed.2d 101, 115 (1972); Dickey v. Florida, 398 U.S. 30, 37–38, 90 S.Ct. 1564, 26 L.Ed.2d 26, 31 (1970); Hodges v. United States, 408 F.2d 543, 551 (8th Cir. 1969). The delays involved in this case were ordered by the Magistrate, or caused by petitioner or by petitioner's dissatisfaction with his counsel, and not by the prosecuting attorney. *See*, United States v. Phillips, 482 F.2d 191, 195 (8th Cir. 1973). Petitioner in fact had two speedy trials under the circumstances.

■ Third, except for the postconviction claims, petitioner only once asserted his right to "a speedy trial" on July 19, 1966, at the time he was brought before the Magistrate to be arraigned. The only other effective assertion of his right to a speedy trial was made on May 3, 1967, in the form of a letter to Magistrate Stringer. However, petitioner requested that his letter be considered a petition for a writ of habeas corpus and that the state be barred from prosecuting him further. This was in substance a request for release, not a speedy trial. No request for a trial or a hearing occurred during the period July 19, 1966, to May 3, 1967. Petitioner's conduct fails to show that he "repeatedly demanded" that he be brought to trial, as referred to in Smith v. Hooey, 393 U.S. 374, 377, 89 S.Ct. 575, 576, 21 L.Ed.2d 607, 611 (1969). Petitioner made only a token effort to meet his ". . . responsibility to assert his right." Barker v. Wingo, 407 U.S. 514, 528, 92 S.Ct. 2182, 33 L.Ed.2d 101, 116 (1972).[3] It should also be noted that, although petitioner was apparently without appointed counsel from July 19, 1966, to May 23, 1967, the record reveals that petitioner was aware of the relevant judicial processes and had become knowledgable of his legal rights while in custody at the Missouri State Penitentiary and probably before that time.

■ The fourth factor to be considered is prejudice to the petitioner resulting from the delay. Any alleged prejudice must be assessed in the light of the interests of the petitioner which the right to a speedy trial was designed to protect. Those interests include: (1) prevention of oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. Barker v. Wingo, 407 U.S. 514, 532, 92 S.Ct. 2182, 33 L.Ed.2d 101, 118 (1972); United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627; 630 (1966); Smith v. Hooey, 393 U.S. 374, 377–378, 89 S.Ct. 575, 21 L. Ed.2d 607, 610–611 (1969); Klopfer v. North Carolina, 386 U.S. 213, 221–222, 87 S.Ct. 988, 18 L.Ed.2d 1, 6–7 (1967); *see also*, Strunk v. United States, 412

---

3. From the record it appears that petitioner may have consciously avoided demanding the right to be tried and further attempted to make a future record in order to attack the judgment of conviction and imposition of sentence in later state and federal postconviction proceedings.

U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973).

■■■ At first it seems that because petitioner was already serving a six year prison term pursuant to earlier convictions, he would not be in a position to suffer from undue and oppressive incarceration prior to trial. However, a prisoner already convicted and sentenced for an earlier offense may ultimately be adversely affected by a prolonged delay in trial, even though the " . . . stress from a delayed trial may be less on a prisoner already confined, whose family ties and employment have been interrupted. . . ." Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56, 61 (1973); Smith v. Hooey, 393 U.S. 374, 378, 89 S.Ct. 575, 21 L. Ed.2d 607, 611 (1969). In the case at bar, petitioner contends that he lost 130 days of "good time" allowance under his earlier sentence and commitment to the Missouri State Penitentiary by being imprisoned in the Randolph County Jail. Although petitioner may have lost "good time" allowances, the possibility that the petitioner might have received a sentence at least partially concurrent with the one he was then serving was not probable under the then current interpretation of Section 222.020 of the Revised Statutes of Missouri.[4] The sentence received by him on the misdemeanor charge was required to be consecutive under Section 222.020 and there was no loss of a probable or possible concurrent sentence at that time. King v. Swenson, 423 S.W.2d 699 (Mo.Sup.1968); State v. Todd, 433 S.W.2d 550 (Mo.Sup.1968) cert. denied, 394 U.S. 910, 89 S.Ct. 1022, 22 L.Ed.2d 221 (1968); see also, Smith v. Hooey, 393 U.S. 374, 378, 89 S.Ct. 575, 21 L.Ed.2d 607, 611 (1969). In ad-dition, there is no indication from the record that petitioner was deprived of any rehabilitative training or that the conditions of his confinement at the Missouri State Penitentiary were otherwise adversely affected or worsened by the pendency of the misdemeanor charge against him. See generally, Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970); Williams v. Lockhart, 489 F.2d 308 (8th Cir. 1973); Reed v. Henderson, 463 F.2d 485 (5th Cir. 1972); McEachern v. Henderson, 485 F.2d 694 (5th Cir. 1973); Shelton v. Meier, 485 F.2d 1177 (9th Cir. 1973); Williams v. Commonwealth of Pennsylvania, 315 F.Supp. 1261 (W.D.Mo.1970); Mattingly v. Ciccone, Civil Action No. 74CV220–S–WHB (W.D.Mo. May 14, 1974).

■ Petitioner generally contends that his imprisonment in the Randolph County Jail resulted in anxiety, concern and public scorn. Petitioner testified that the conditions in the Jail were unsanitary, the cell itself was small, and that he was unable to leave the cell to exercise except when required to appear in Magistrate Court. These contentions are somewhat rebutted by other testimony in the record. The record reveals that petitioner was interviewed by an agent of the Federal Bureau of Investigation while confined in the Randolph County Jail. During that conversation, petitioner indicated that he "didn't particularly care" when he was going to trial; that he was "doing all right" in jail; and that he was "getting plenty to eat." The fact issue of petitioner's credibility so presented is found against petitioner.

■ Finally, petitioner intimates[5] that his defense was impaired by the de-

---

4. On February 22, 1971, three years after petitioner was given a consecutive sentence by the Circuit Court of Randolph County, the Missouri Supreme Court en banc, in Forbes v. Haynes, 465 S.W.2d 485 (Mo.Sup. en banc 1971), held that an accused under sentence to the Missouri State Penitentiary, but lawfully at liberty on bond pending appeal, was not "under sentence" within the meaning of Section 222.020 when he committed a subsequent offense. The Court concluded that Section 222.020, which requires that sentence of a convict who commits a crime while under sentence shall not commence to run until expiration of sentence under which the accused is held, was not applicable. See also, Smith v. Swenson, 362 F.Supp. 1038, 1039 fn. 1 (W.D.Mo.1971).

5. The only specific contention raised by petitioner with respect to the important question whether his defense was impaired by the delay, is that he was prejudiced by not being able to challenge the state's case at

lay and that he was unable to contact and summon witnesses and gather evidence. A review of the record reveals that petitioner intimated during the state hearing on his motion in bar of prosecution that an alibi defense existed. However, petitioner merely stated that it was "possible" that some witnesses would give alibi testimony. He was unwilling to name those witnesses or suggest what testimony they might give. Significantly, petitioner failed to offer any evidence or proof in the evidentiary hearing in this case to establish that his defense of the misdemeanor charge was somehow impaired by the eleven month delay. Petitioner does not contend nor seek to prove that because of the delay, any witness or witnesses died or disappeared or were unable to accurately recall events of the past. Of the three interests reviewed herein, the most serious and important one is the last " . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Barker v. Wingo, 407 U.S. 514, 532, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101, 118 (1972). In the case at bar, there is little if any indication from the entire record that petitioner's defense to the misdemeanor charge was impaired as 'a result of the eleven month delay in trial. Keeny v. Swenson, 458 F.2d 680, 682 (8th Cir. 1972); Gerberding v. United States, 471 F.2d 55, 61 (8th Cir. 1973); Lillibridge v. Swenson, 326 F.Supp. 1104, 1111 (W. D.Mo.1971).

▮▮▮▮ Before concluding this opinion, it should be noted that petitioner also raises the collateral contention that the Magistrate Court of Randolph County, Missouri, lost jurisdiction over petitioner because of the delay from July 19, 1966, to June 14, 1967, in bringing petitioner to trial for the first time. In support of that contention, petitioner generally relies on Sections 543.080, 543.140, 543.220, 543.110, 543.280, 543.-120, and 222.080 of the Revised Statutes of Missouri. Petitioner further relies on Rules 22.01, 22.04, 22.09, and 29.01 of the Missouri Rules of Criminal Procedure. Because that contention raises only the issue of compliance with state statutes and rules, it need not be determined by this Court. The power of this Court in habeas corpus proceedings is limited to violations of federal constitutional and statutory standards and questions of state law are not cognizable. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *accord*, Frazier v. Roberts, 441 F.2d 1224, 1228 (8th Cir. 1971); Robinson v. Wolff, 468 F.2d 438, 440 (8th Cir. 1972); Morton v. Haynes, 332 F.Supp. 890, 892 (E.D.Mo.1971). Nevertheless, even considering that contention, based on state law it is concluded that it is without merit. State of Missouri v. Caffey, 438 S.W.2d 167 (Mo.Sup.1969); State of Missouri v. Caffey, 445 S.W.2d 642 (Mo.Sup.1969).

A careful and thorough review of the record in the case at bar reveals that petitioner may have suffered collateral prejudice with respect to his pretrial incarceration in that he may have lost "good time" days. In addition, petitioner asserts that the conditions at the Randolph County Jail were somewhat more "oppressive" than those at the Missouri State Penitentiary. However, petitioner was content to remain in the Jail and to forego an early trial, thereby contributing to the delay. The extent of the claimed prejudice does not counterbalance the other applicable factors set forth above in determining the merits of petitioner's claim. Barker v. Wingo, *su-*

the Circuit Court trial because there was no discussion between counsel and petitioner concerning the merits of the cases affected by the denial of a speedy trial. This contention relates to petitioner's unexhausted claim of ineffective assistance of counsel. That claim is not before this Court for review. However, it is implicit from various pleading and from the allegations raised by petitioner during the hearing on his motion in bar of prosecution in the state court, that petitioner seeks to contend that his defense of the misdemeanor charge was impaired by the delay. Even if that contention cannot somehow be found in the pleadings, it is considered by this Court as having been raised because of the importance of this point to the issue whether prejudice resulted from the eleven month delay in trial.

*pra*; Gerberding v. United States, *supra*; United States v. Weber, *supra*; United States v. Phillips, *supra*; United States v. Green, *supra*; Morton v. Haynes, *supra*; Lillibridge v. Swenson, *supra*.

Petitioner has failed to establish that his defense was impaired by the delay or that he was otherwise prejudiced without his fault. He has not shown that the delay alone was unreasonable. He has also failed to establish that the state intentionally or negligently caused the delay. Further, the record does not reveal the petitioner to have been an individual who was unaware of his legal rights, or one who repeatedly made unsuccessful demands upon the Court and the state to grant him a speedy trial. Under these circumstances, the granting of relief is not warranted. Therefore, the petition herein for a writ of habeas corpus should be denied.

For all the foregoing reasons, it is therefore

Ordered and adjudged that the petition herein for a writ of habeas corpus be, and it is hereby, denied.