**Frank RICHARDSON, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32483.**

Missouri Court of Appeals,
Western District.

Feb. 23, 1982.

Rehearing Denied March 30, 1982.

Gary W. Fleming, Sedalia, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Frank Richardson, Jr., appeals the denial of his 27.26 motion to vacate judgment and sentence of one year in the county jail for escape. Richardson contends the court erred in finding that his counsel was not ineffective and in failing to grant him credit for jail time. Affirmed.

In December, 1976, Richardson was being held in the Cooper County jail in Boonville on charges of first degree robbery and carrying a concealed weapon. Richardson escaped from jail and in October, 1979, under a plea bargain, pleaded guilty to a graded felony of breaking jail and escape. As a part of the bargain, the concealed weapon charge was dismissed and Richardson was sentenced to one year in the county jail with such sentence to be served consecutive to the sentence imposed in another county on the robbery charge.

**14**

In his 27.26 motion to set aside the one year sentence on the escape charge, Richardson contended that his plea of guilty was involuntary because his counsel had advised him that the court could not make the misdemeanor charge run consecutive to the felony charge of robbery.

At the hearing on the 27.26 motion Richardson testified that he had retained Charles Fitzgerald as his attorney. He testified at one point that his understanding of the plea bargain was that the one year sentence would run concurrent to the robbery sentence, but at another point testified that Fitzgerald told him that in Fitzgerald's opinion the court could not order the jail sentence to run consecutive to a penitentiary sentence.

Charles Fitzgerald testified that he had been retained by Richardson on the jail-break charge. He stated he entered into a plea bargain with the prosecutor by which the concealed weapon charge would be dismissed and the escape charge would be reduced to a graded felony of jail-break. He said the agreement called for a sentence of one year in the county jail to be served consecutive to the term of imprisonment in the penitentiary on a robbery charge. He acknowledged that he advised Richardson before he pleaded guilty that it was his opinion that the court could not validly make the one year sentence run consecutive to the penitentiary sentence. After Richardson had been sentenced according to the agreement, Fitzgerald wrote to Richardson and advised him that his opinion that the one year sentence could not validly be made consecutive was incorrect and that such sentence could be consecutive to the penitentiary sentence.

A transcript of the guilty plea was introduced in evidence. This reveals an extensive examination of Richardson in which the court fully advised him of his right to a jury trial together with all of the other rights which he would have if he pleaded not guilty and obtained from Richardson an acknowledgment that he understood he was waiving all of those rights when he entered a plea of guilty. Richardson denied that he was under the influence of alcohol or drugs at the time he pleaded guilty. He also stated he had not been threatened in any way by anyone to plead guilty nor had any promises of probation been made to him. Richardson also stated he was satisfied with the services of Mr. Fitzgerald.

The court then requested the prosecuting attorney to give the facts on the jail escape charge. The prosecutor recited the times and dates and stated that Richardson had escaped jail without the permission of the sheriff. The court then inquired of Richardson if the facts stated by the prosecutor were true and Richardson said they were. The prosecutor advised the court the range of punishment for jail-break was imprisonment in the penitentiary for two years or imprisonment in the county jail for not less than six months. After all of this, the court asked Richardson if he still wanted to plead guilty and Richardson stated that he did. The court made a finding that Richardson had voluntarily and independently and with full understanding of the charge and range of punishment waived his rights to a trial by jury and entered a plea of guilty and the court accepted the plea.

The court inquired if any plea bargaining had taken place and the prosecutor advised that there had been and the recommended sentence was one year in the county jail with such sentence to run consecutive to a sentence imposed in the circuit court of Camden County for seven and one-half years in the penitentiary on a robbery charge. The court inquired of Mr. Fitzgerald if that was his understanding, and Mr. Fitzgerald replied it was.

The court stated that in accordance with the agreement between the State and the defense he was sentencing Richardson to a term of one year in the county jail to be served consecutive to the robbery charge in Camden County.

This 27.26 motion was filed after Richardson received Fitzgerald's letter advising that his opinion as to the consecutive sentencing was wrong. The trial court found that Richardson had discussed the plea bargain with Fitzgerald before the guilty plea and the question of whether the one year could be made consecutive or not. The court further found that Fitzgerald had of-

fered the opinion that the one year could not be made consecutive but that Richardson was aware that the agreement was that the sentence would be consecutive. The court found that the opinion of Fitzgerald with reference to the consecutive-concurrent sentence did not render Richardson's plea involuntary and without understanding.

On this appeal Richardson contends that because of the opinion which Fitzgerald held that the one year sentence could not be made consecutive he was deprived of effective assistance of counsel to the extent that it rendered his plea involuntary.

The findings of the trial court are supported by the evidence. As stated, Fitzgerald testified that he told Richardson prior to the guilty plea that the bargain was that he would receive a one year jail sentence consecutive to the penitentiary sentence. The opinion that Fitzgerald ventured that the court could not validly make the sentence consecutive amounted to nothing more than a hope that the State was falling into a trap which would enable Richardson to avoid serving any time on the jail-break charge. Mr. Fitzgerald, in Richardson's presence at the guilty plea hearing, stated the agreement was for a one year sentence to run consecutive and Richardson made no objection. There is no doubt from the evidence that Richardson was fully aware of the bargain and that the sentence would be consecutive to the robbery sentence.

■ The crux of this case is an attempt by Richardson to seize on the erroneous opinion of Fitzgerald as a ground for relief in his 27.26 motion. The trial court found on substantial evidence that the opinion of Fitzgerald did not induce the plea and, in fact, the plea was entered with full knowledge the court would make the sentence consecutive. In this circumstance the faulty opinion of Fitzgerald gives no ground for relief.

As held in *Brown v. State*, 607 S.W.2d 801, 804 (Mo.App.1980) [vacated 450 U.S. 1027, 101 S.Ct. 1735, 68 L.Ed.2d 222 (1981), affirmed *Brown v. State*, 619 S.W.2d 68 (Mo. banc 1981)] a defendant will be held to observe a plea bargain as well as the State.

Because Richardson was fully aware of the terms of the bargain and then pleaded guilty, he is bound by the bargain.

■ Richardson next contends that he was entitled to credit on the one year sentence for time he had spent in the county jail awaiting trial. Richardson concedes that he received credit on the robbery charge for the same jail time for which he now requests credit. Thus, Richardson is claiming to be entitled to credit for the same time on two entirely separate and unrelated charges.

In *State v. Caffey*, 445 S.W.2d 642–645[4] (Mo.1969) the court held that Caffey was not entitled to a second credit of the same time. In *Umphenour v. State*, 535 S.W.2d 579, 581 (Mo.App.1976) this court quoted with approval from a Florida case that a defendant will be given credit only once for the total time spent prior to sentencing. Under *Caffey* and *Umphenour* Richardson is not entitled to a second credit for the same jail time.

The judgment is affirmed.

All concur.